IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | Magistrate No. 21-mj-85 |
| ) | |
| Darwin Parker ) | |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, William Churilla, being duly sworn according to law, depose and state as follows:

**INTRODUCTION**

1. Your Affiant, Task Force Office William Churilla, being duly sworn according to law, aver that the following is true and correct to the best of my knowledge, information and belief and is based on personal knowledge or information provided by reliable sources.

2. Your Affiant is a member of both the Pittsburgh Bureau of Police (PBP) and also a Task Force Officer with the Drug Enforcement Administration (DEA). As a Pittsburgh police officer, I am empowered under state law to make arrests for violations of state criminal laws, and I am also empowered to execute state search warrants. As a DEA Task Force Officer, I am empowered under federal law to make arrests for violations of federal criminal laws, and I am also empowered to execute federal search warrants.

3. I have a High School Diploma, as well as a Bachelor's Degree in Criminology and Business Management from Duquesne University. After my 1988 graduation from Duquesne University, I worked for approximately 5 years with juveniles adjudicated of crimes at the Allegheny Academy Juvenile Facility. In 1997, I began to work full-time as a police officer for the City of Pittsburgh. I spent the first several years as a patrol officer in the Zone 2 section of

Pittsburgh which encompasses neighborhoods including the Hill District. I remain employed with the PBP and became a Detective in approximately 2007.

4. In 2013, I was assigned to Narcotics and Vice where I primarily investigated drug and firearm offenses. I have purchased drugs including marijuana, cocaine, heroin and fentanyl in an undercover capacity on many occasions and have been involved as a back-up officer in many undercover purchases by other officers. I have been involved in numerous controlled purchases, of various types of drugs, by cooperating individuals. I have obtained numerous search warrants regarding drug and firearm violations and have been involved in numerous similar search warrants obtained by my fellow police officers.

5. I have been asked to render an expert opinion on many occasions regarding whether various circumstances show that drugs were possessed for distribution, as opposed to personal use. I have been qualified and testified as a narcotics expert in court more than a dozen times, including in federal court. My relevant trainings include the initial Pittsburgh Police Academy training, as well as the "Top Gun" Narcotics Investigation course, Pennsylvania Electronic Surveillance "A" certification training, ATF "Characteristics of Armed Individuals" training, and interrogation and interview training. My drug and firearm experience comes from working not only with many other members of the PBP, but with numerous other local, state and federal investigators including the ATF, FBI and DEA.  have been involved in over 1000 arrests in my career, many involving guns, drugs or both.

6. Your Affiant has reviewed information obtained from law enforcement and commercial databases, and has discussed this case with, and reviewed the reports of, other law enforcement officers who have been involved in this investigation or who have investigated the subjects of this investigation and their associates in the past.

7. As a TFO with the DEA, your Affiant knows that Title 21, United States Code, Section 841(a)(1) prohibits the possession with intent to distribute a controlled substance, including cocaine, a Schedule II controlled substance.

8. This Affidavit is submitted in support of a criminal complaint for Darwin Parker (hereinafter, "Parker") for violations of Title 21 United States Code. §§ 841(a)(1) and 841(b)(1)(C).

9. Because this Affidavit is being submitted for the limited purpose of supporting probable cause to arrest as stated herein, I have not included each and every fact known to me concerning this investigation.

**FACTUAL BACKGROUND**

10. On January 13, 2021, at approximately 1442 hours, Detective Nathan Dettling with the City of Pittsburgh Bureau of Police, along with his partners where in the area of the 7200 block of Frankstown Avenue for the detection of open air drug sales.

11. Detectives observed Parker outside of Adan Market involved in an exchange with an unidentified female. Parker was observed reaching his hand into his jacket pocket, removing an item, and displaying it to the unidentified female. From his vantage point, Detective Dettling was immediately able to identify the item removed from Parker's pocket to be a single knotted bag of crack cocaine. Parker was observed dropping the crack cocaine into the unidentified female's hand.

12. Parker then entered the Quick Pick store located at 7201 Frankstown Avenue and was followed into the store by detectives. After a struggle with detectives, Parker was taken into custody.

13. A search of Parker revealed a large bag of crack cocaine (which was field tested and confirmed to be crack cocaine), two bundles of suspected heroin/fentanyl stamped

"McClaren", seven individually knotted bags of suspected crack cocaine, ten loose stamp bags of suspected heroin/fentanyl, two bricks of suspected heroin/fentanyl, a torn brick wrapper, and $1,240 United States Currency. Additionally, multiple knotted bags of suspected crack cocaine were recovered from the same jacket pocket from which Parker was previously observed removing crack cocaine and delivering it to the unidentified female.

14. Through your Affiant's training and experience, and through consultation with other law enforcement officers, I believe that Parker possessed the above-mentioned cocaine with the intent to distribute rather than for personal use based on the quantity, presence of packaging materials, large amount of United States currency, and observed drug transaction.

15. WHEREFORE, based on the foregoing, your Affiant respectfully submits that there is probable cause to conclude that Parker possessed with intent to distribute a quantity of cocaine, in violation of Title 21 United States Code, Sections 841(a)(1) and 841(b)(1)(C), and that the foregoing demonstrates probable cause for the issuance of a criminal complaint.

The above information is true and correct to the best of my knowledge, information, and belief.

/s/ *William Churilla*
William Churilla, Task Force Officer,
Drug Enforcement Agency

Sworn and subscribed before me, by telephone
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 14th day of January 2021.

_____
PATRICIA L. DODGE
United States Magistrate Judge